IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JIRI PIK                      :        CIVIL ACTION
                              :
        v.                    :
                              :
THE UNIVERSITY OF             :
PENNSYLVANIA, et al.          :        NO. 08-5164

MEMORANDUM

McLaughlin, J.                                July 29, 2011

        The University of Pennsylvania has moved for sanctions
of dismissal of this action, pursuant to Federal Rule of Civil
Procedure 37(b).  In view of the plaintiff's failure to
participate in any component of the discovery process, as well as
his repeated disregard of Court orders over the course of several
months, the Court concludes that the plaintiff's conduct warrants
sanctions of dismissal with prejudice.

I.   Background

        Jiri Pik, who is living in Germany and proceeding pro
se, filed a complaint in this Court on November 26, 2008.  In his
complaint, the plaintiff asserted five counts against the
University of Pennsylvania ("Penn"), arising out of his brief
time as a graduate student at Penn during the 2003-2004 academic
year.  While the plaintiff was a student at Penn, he had a
conflict with a professor in the Economics Department, which
prompted the plaintiff to file a grade appeal and multiple
grievances with Penn.  The plaintiff was subsequently referred to

Penn's Counseling and Psychological Service for an evaluation, and took a medical leave of absence.  The plaintiff alleged that Penn ultimately denied his return from medical leave by imposing unreasonable conditions.  The plaintiff also alleged that Penn provided false and damaging references to his subsequent employers, which led to his termination.

Penn filed a motion to dismiss on March 24, 2009. After the motion was filed, the plaintiff was hospitalized for several months,[1] and at his request this case was placed in suspense until August 17, 2009.  On October 7, 2010, the Court granted in part and denied in part Penn's motion to dismiss.  In a Memorandum and Order dated October 7, 2010, the Court dismissed all claims except for the plaintiff's breach of contract claim against Penn.

The Court held an on-the-record telephone conference with the plaintiff and defense counsel on December 3, 2010, to discuss a schedule for the case.  During the conference, the plaintiff requested permission to file an amended complaint.  The parties also discussed a schedule for discovery, at which time defense counsel requested that the plaintiff submit to a deposition in Philadelphia and sign authorizations for the release of records.  The plaintiff, who resides in Europe, was

---

[1]The plaintiff explained that he was hospitalized "on political charges closely associated with the suits."  See June 17, 2009, Letter from Jiri Pik (Docket No. 43-1, at 1).

2

reluctant to travel to Philadelphia, and requested that depositions be taken via video conference.  Tr. of December 3, 2010, Telephone Conference ("12/3/10 Tr."), at 11.  The plaintiff also explained that he could not provide dates for a deposition, because he was moving to an as-yet undetermined country.  12/3/10 Tr. at 15.  At the conclusion of the conference, the parties agreed that: (1) the plaintiff would file a motion to amend his complaint by January 3, 2011; and (2) during the week of January 3, 2011, the plaintiff would inform defense counsel of his new address and provide possible dates for a deposition.  See Order of December 6, 2010.

II.  Failure to Participate in Discovery and Comply with Orders

This case has not advanced in any material respect since the telephone conference on December 3, 2010.  Following the telephone conference, the plaintiff sent several letters in which he explained that he would move forward with the litigation only upon receipt of full document production from Penn.  The plaintiff proposed March 30, 2011, as a deadline to file a motion to amend his complaint.  See January 2, 2011, Letter from Jiri Pik (Docket No. 43-1, at 23).  The Court granted the plaintiff until January 21, 2011, to file a motion to amend his complaint.

The plaintiff did not comply with the deadline to file a motion.  Instead, the plaintiff sent a letter on January 22,

2011, requesting that the Court "postpone any schedule until we get all the information from the Penn [sic] for the next step." January 22, 2011, Letter from Jiri Pik (Docket No. 43-1, at 27).

On January 25, 2011, Penn served interrogatories and document requests on the plaintiff.  See Ex. 1 to Def.'s Mot. Penn also provided authorizations for the release of the plaintiff's work, medical, psychiatric and educational records for the plaintiff to sign.  The plaintiff neither objected to nor answered Penn's discovery requests.  Instead, on January 30, 2011, the plaintiff sent a letter to the Court and to defense counsel, explaining:

> I do and will refuse to submit any document or to
> answer any question unrelated to the matter at
> hand, which is essentially the event and the
> consequences of why the Penn fabricated a grade
> and refused to carry out the grade appeal in
> contradiction with the rules of Penn.

January 30, 2011, Letter from Jiri Pik (Docket No. 43-1, at 31). The plaintiff also requested a telephone conference with the Court, and explained: "Until this phone call, I will ignore those requests for the access to any document of any kind from my entire life or the questions which have nothing to do with the intentionally fabricated grade and its consequences."  Id.

The Court held a second telephone conference with the plaintiff and defense counsel on February 16, 2011.  During the phone conference, the Court again discussed a deposition schedule with the parties.  The plaintiff stated that he would only submit

to depositions after Penn responded to his specific questions.[2]
Tr. of February 16, 2011, Telephone Conference ("2/16/11 Tr."),
at 20.  In addition, the plaintiff stated that he would not be
available to come to the United States for a deposition until the
end of June, 2011, in view of "[e]mployment and some exams ...
I'm currently overloaded."  2/16/11 Tr. at 29.  The plaintiff
reiterated his request that depositions proceed via video
conference.  Id. at 30.

       During the phone conference, the plaintiff also argued
that Penn's discovery requests were unrelated to the case.
2/16/11 Tr. at 22.  The Court informed the plaintiff that he
would have two weeks to explain, in writing, his opposition to
Penn's discovery requests, as well as his request for remote
depositions.  2/16/11 Tr. at 28.  Finally, the Court reminded the
plaintiff of his discovery obligations as a litigant in the
United States.  2/16/11 Tr. at 32-33.  The Court warned the
plaintiff that if he did not comply with the Court's orders, he
could face sanctions that could jeopardize his case.  Id.  On
February 17, 2011, the Court issued an order reflecting what was

_____

       [2]Defense counsel stated that Penn had produced approximately
600 pages of documents to the plaintiff, and would be providing
all remaining documents within a week.  2/16/11 Tr. at 6-7.  In
response, the plaintiff accused Penn of intentionally omitting
and destroying key documents.  Id. at 9.  The Court requested
that the plaintiff review all remaining documents, and inform
defense counsel if any were missing.  Id. 13-14.

agreed to at the conference.

Between February 23 and February 27, 2011, the
plaintiff sent several letters in response to the Court's order.
The plaintiff again explained that he would not cooperate with
discovery until he received all remaining documents from Penn.
February 27, 2011, Letter from Jiri Pik (Docket No. 43-2, at 8).
The plaintiff also proposed that the scope of discovery be
narrowed significantly.  Specifically, the plaintiff proposed
that discovery be limited to the grade appeal that the plaintiff
requested while at Penn.[3]  The plaintiff argued that there was no
basis for the release of medical, educational, or employment
records.  Id.

In a separate letter sent on February 27, 2011, the
plaintiff addressed his request for remote depositions.
Specifically, the plaintiff explained that he could not enter the
United States as a result of political persecution.  In
particular, the plaintiff explained that he had been politically
imprisoned "on the diagnosis of 'protesting against injustices'
with the objective of cancelling this suit."  February 27, 2011,
Letter from Jiri Pik (Docket No. 43-2, at 11).  The plaintiff
averred that the United States and Czech governments have
conspired to prevent the present action from progressing, and the

_____

[3]The plaintiff apparently received a "B" in an Economics
course, and thought that he deserved an "A."  See March 6, 2011,
Letter from Jiri Pik (Docket No. 43-2, at 18).

6

plaintiff therefore faces political persecution and endangerment if he were to enter the United States.  Id.

On March 15, 2011, the Court issued an order directing the plaintiff to respond to Penn's interrogatories and document requests, and to sign the authorizations provided to him.[4]  The Court concluded that the plaintiff's work and psychiatric history were relevant to his suit, insofar as the plaintiff's breach of contract claim arose out of his medical leave from Penn, and he sought damages in the form of emotional distress and lost earnings.  The Court also concluded that the plaintiff had not established a sufficient reason why he was unable to come to Philadelphia for a deposition.[5]  See Order of March 15, 2011.

The plaintiff failed to comply with the Court's order. Instead, the plaintiff sent a letter to the Court on March 17, 2011, in which he explained that he would not authorize the release of his records: "There won't be any blank consent to disclose any information on me as it would be misused by some intelligence services."  March 17, 2011, Letter from Jiri Pik (Docket No. 43-2, at 24).  With respect to the plaintiff's

---

[4]As of the date of the order, the plaintiff had not yet produced any documents to Penn.

[5]The Court also denied the plaintiff's request that Penn be compelled to produce additional documents.  The Court concluded that Penn had produced all relevant documents in this suit, and that the plaintiff's additional requests were repetitive, "overbroad," or "incomprehensible."  Order of March 15, 2011.

deposition, he explained: "There won't be any depositions in the
USA for the time being.  If needed, we will appeal up to the
Supreme Court."  <u>Id.</u>

On April 4, 2011, the plaintiff sent another letter to
the Court, explaining that he had authorized the release of his
employment records with respect to two of his former employers,
UBS and Goldman Sachs.  However, the plaintiff strictly limited
release of the records, and explained that copies would only be
sent to the Court.  Defense counsel were not to receive a copy,
but instead would be permitted to review the copies in chambers
and then file a motion in the event they wished to use any
documents.  The plaintiff explained that these would be the only
documents disclosed in this action, and that he would not
authorize the release of any additional records.  <u>See</u> April 4,
2011, Letter from Jiri Pik, Ex. 8 to Def.'s Mot.  On April 5,
2011, the plaintiff filed an amended complaint without permission
from the Court.  <u>See</u> Proposed Am. Compl. (Docket No. 43-3, at
29).

On April 20, 2011, the defendant filed a motion for
sanctions of dismissal and a protective order.  In response, the
plaintiff sent a letter on April 22, 2011, requesting that this
case be assigned to another judge, in view of the undersigned's
involvement in Penn as an alumna of Penn's Law School.  The
plaintiff also accused the Court of showing bias by ignoring his

letters and refusing to authorize video depositions.  <u>See</u> April 22, 2011, Letter from Jiri Pik (Docket No. 44).

On May 11, 2011, the Court denied the plaintiff's motion to recuse.  The Court also assured the plaintiff that it had received each of his submissions, and had docketed them via the Electronic Case Filing system ("ECF").  The Court ordered the plaintiff to respond to Penn's motion for sanctions by May 19, 2011.

On May 16, 2011, the plaintiff submitted a letter in which he outlined "the full and comprehensive list of open issues in this case."  In response to the motion for sanctions, the plaintiff explained that the discovery requests were "grossly disproportionate," in view of his proposed amended complaint, which would eliminate a claim for damages of emotional distress. In addition, the plaintiff expressed his suspicion that "there is every reason to believe the disclosed documents would be disclosed to various governments."  May 16, 2011, Letter from Jiri Pik (Docket No. 48).

There have been no filings related to the pending motion since May 16, 2011, and this case has not progressed in any respect.  The Court will now grant Penn's motion.

III. <u>Sanctions of Dismissal</u>

Under Rule 37(b), a court may dismiss an action where a party refuses to cooperate in discovery, which includes failing to appear for a deposition or failing to obey court orders. Fed. R. Civ. P. 37(b)(1)-(2)(A).  Rule 37(b)(2)(A)(v) authorizes a district court to dismiss an action "in whole or in part" if the party fails to comply with court orders.

Dismissal is a harsh remedy and should only be resorted to in "extreme cases." <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992).  Nonetheless, "[d]istrict court judges, confronted with litigants who flagrantly violate or ignore court orders, often have no appropriate or efficacious recourse other than dismissal of the complaint with prejudice." <u>Id.</u>

In evaluating whether dismissal is an appropriate sanction, a court weighs six factors as set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863 (3d Cir. 1984).  Those factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim. <u>Poulis</u>, 747 F.2d at 868.  The balancing of these factors is not a mechanical exercise, and not all of the <u>Poulis</u> factors need to be

satisfied in order to dismiss a case.  Mindek, 964 F.2d at 1373.

The Court concludes that the Poulis factors in this case overwhelmingly militate in favor of dismissal.  With respect to the first factor, the plaintiff is proceeding pro se and is therefore personally responsible for prosecuting his case.  The failure to comply with Court orders and respond to discovery requests is directly attributable to the plaintiff.

Second, Penn is prejudiced by the plaintiff's failure to provide any discovery in this matter.  The plaintiff has disregarded numerous Court orders, including the Order of March 15, 2011, directing the plaintiff to answer Penn's interrogatories, provide responsive documents and sign authorizations.  As of this date, the plaintiff has not produced any documents in this case.  The plaintiff has also refused to submit to depositions.  The plaintiff's failure to participate in any component of the discovery process results in Penn's being unable to defend itself in this action or prepare for trial.  Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial.  Ware v. Rodale Press, Inc., 322 F.3d 218, 222-23 (3d Cir. 2003).

Third, the Court finds a history of dilatoriness.  The plaintiff has disregarded numerous deadlines as set forth in Court orders, including deadlines to file motions to amend his complaint and respond to discovery.  The plaintiff has not

advanced this case in any respect since the Court ruled on the motion to dismiss in October 2010.

Fourth, the Court concludes that the plaintiff's conduct has been willful.  The plaintiff has submitted filings in which he has explicitly refused to comply with Court orders.  For instance, after the Court issued an order on March 15, 2011, directing the plaintiff to submit to depositions, the plaintiff sent a letter stating: "There won't be any depositions in the USA for the time being.  If needed, we will appeal up to the Supreme Court."  March 17, 2011, Letter from Jiri Pik (Docket No. 43-2, at 24).  In addition, after being ordered to sign authorizations for the release of medical and employment records, the plaintiff sent a letter explaining that these documents would not be disclosed.  See April 4, 2011, Letter from Jiri Pik, Ex. 8 to Def.'s Mot.

As to the fifth factor, the Court concludes that there are no alternative sanctions that it could impose on the plaintiff.  Because the plaintiff is proceeding pro se and in forma pauperis, monetary sanctions are unlikely to be effective. Precluding the plaintiff from presenting certain forms of evidence will not mitigate the prejudice that Penn has suffered from the plaintiff's failure to participate in discovery.  The Court has given the plaintiff multiple opportunities over the course of many months to participate in the discovery process.

The Court has also warned the plaintiff that his conduct could result in sanctions.  2/16/11 Tr. at 32-33.  Nonetheless, the plaintiff has continued to flout the Court's orders, and therefore dismissal is the only appropriate remedy.

Finally, the Court concludes that the plaintiff's claim lacks merit.  The plaintiff has not identified any form of contract, either explicit or implied, that could support a breach of contract claim against Penn.

For the foregoing reasons, the Court concludes that the Poulis factors weigh in favor of dismissal of this action.  The Court will therefore grant Penn's motion and dismiss this case with prejudice.